## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **LARRY BASEMORE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 16-cv-562-SMY** |
| | ) | |
| **KENT E. BROOKMAN,** | ) | |
| **MICHAEL M. KEYS,** | ) | |
| **KIMBERLY BUTLER, and** | ) | |
| **N. WARD** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff, an inmate at Stateville Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights that allegedly occurred at Menard Correctional Center. Plaintiff seeks monetary relief for violations of his constitutional rights that arose when Plaintiff was issued an allegedly false disciplinary ticket and disciplined without due process. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

> (b) **Grounds for Dismissal**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).  Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim.  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements."  *Id.*  However, the factual allegations of a *pro se* complaint are to be liberally construed.  *Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 821 (7th Cir. 2009).

### THE COMPLAINT

On March 2, 2015, there was an incident on the recreational yard at Menard Correctional Center where Plaintiff was then incarcerated.  (Doc. 1, p. 5).  Multiple offenders participated in an altercation.  (Doc. 1, p. 7).  Plaintiff alleges that he was not seen participating on any cameras recording the incident.  (Doc. 1, p. 5).  Internal affairs interviewed Plaintiff and he told Ward he lacked any knowledge of the incident.  (Doc. 1, p. 5).  Plaintiff's disciplinary report indicates that he had a black eye at the time of the interview.  (Doc. 1, p. 7).  Ward charged Plaintiff with impeding the investigation, dangerous disturbances and fighting.  (Doc. 1, p. 7).  He was found not guilty of impeding the investigation and guilty on the other two charges.  (Doc. 1, p. 7).  The adjustment committee did not rely on any witness or confidential informant testimony in finding

Plaintiff guilty. (Doc. 1, p. 7). Kent Brookman and Michael Keys made up the adjustment committee that found Plaintiff guilty and Butler signed off on the disposition. (Doc. 1, p. 5). Ultimately, the ticket was overturned for failure to follow due process guidelines. (Doc. 1, p. 9). As a result of the ticket, Plaintiff was transferred to Pontiac Correctional Center, where he was exposed to urine and feces, 24 hour noise, mold and spoiled food. (Doc. 1, p. 5).

Based on the allegations of the Complaint, the Court finds it convenient to divide Plaintiff's *pro se* action into two counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The following claim survives threshold review

> **COUNT 1:** Brookman, Keys, and Butler violated Plaintiff's due process rights when they found him guilty of a disciplinary infraction on March 28, 2015

Plaintiff's Complaint contains another claim, but for the reasons explained below, this Count does not survive threshold review and will be **DISMISSED with prejudice**.

> **COUNT 2:** Ward violated Plaintiff's due process rights by failing to adequately investigate the altercation that formed the basis of Plaintiff's discipline.

## DISCUSSION

When a plaintiff brings an action under § 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). An inmate has a due process liberty interest in being in the general prison population only if the conditions of his or her confinement impose "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). The Seventh Circuit Court of Appeals has adopted an extremely stringent interpretation of *Sandin*. In this Circuit, a prisoner in disciplinary segregation at a state prison has a liberty interest in remaining in the

general prison population only if the conditions under which he or she is confined are substantially more restrictive than administrative segregation at the most secure prison in that state. *Wagner v. Hanks*, 128 F.3d 1173, 1175 (7th Cir. 1997). If the inmate is housed at the most restrictive prison in the state, he or she must show that disciplinary segregation there is substantially more restrictive than administrative segregation at that prison. *Id.* In the view of the Seventh Circuit, after *Sandin* "the right to litigate disciplinary confinements has become vanishingly small." *Id.* Indeed, "when the entire sanction is confinement in disciplinary segregation for a period that does not exceed the remaining term of the prisoner's incarceration, it is difficult to see how after *Sandin* it can be made the basis of a suit complaining about a deprivation of liberty." *Id.*

In the case currently before the Court, Plaintiff was sent to disciplinary segregation for approximately 7 months before his discipline was overturned. He has also alleged that while in segregation at Pontiac, he was exposed to urine, feces, 24 hour noise, mold and spoiled food. Plaintiff's allegations could provide a basis for concluding that his stint in segregation was substantially more restrictive than administrative segregation at the most secure prison in the state.

Additionally, prison disciplinary hearings satisfy procedural due process requirements where an inmate is provided: (1) written notice of the charge against the prisoner twenty four (24) hours prior to the hearing; (2) the right to appear in person before an impartial body; (3) the right to call witnesses and to present physical/documentary evidence, but only when doing so will not unduly jeopardize the safety of the institution or correctional goals; and (4) a written statement of the reasons for the action taken against the prisoner. *See Wolff v. McDonnell*, 418 U.S. 539, 563-69 (1974); *Cain v. Lane*, 857 F.2d 1139, 1145 (7th Cir. 1988). Not only must the

requirements of *Wolff* be satisfied, but the decision of the disciplinary hearing board must be supported by "some evidence." *Black v. Lane*, 22 F.3d 1395, 1402 (7th Cir. 1994). To determine whether this standard has been met, courts must determine whether the decision of the hearing board has some factual basis. *Webb v. Anderson*, 224 F.3d 649 (7th Cir. 2000). Even a meager amount of supporting evidence is sufficient to satisfy this inquiry. *Scruggs v. Jordan,* 485 F.3d 934, 941 (7th Cir. 2007).

Here, Plaintiff has both alleged that he was exposed to conditions that implicate a liberty interest, and that the initial decision sending him to segregation was not supported by an adequate factual basis. He has submitted evidence showing that his discipline was overturned for procedural due process violations. This is sufficient to survive threshold review, and **Count 1** will be permitted to proceed at this time.

Turning now to **Count 2**, this claim must be dismissed. Plaintiff alleges that Ward violated his due process rights by failing to properly investigate the altercation. Plaintiff further alleges that Ward wrote him a disciplinary ticket despite the lack of witnesses or video footage of Plaintiff's involvement. However, Plaintiff has no federal due process right to a prehearing investigation. *Whitford v. Boglino*, 63 F.3d 527, 532 (7th Cir. 1995). Therefore, Plaintiff's claim against Ward must be **DISMISSED with prejudice** for failure to state a claim.

## DISPOSITION

**IT IS ORDERED** that Count 2 shall be **DISMISSED with prejudice.** That means that Defendant Ward is also **DISMISSED with prejudice** as Plaintiff has stated no other claims against him.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants Brookman, Keys, and Butler: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and

(2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

   **IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.   Any documentation of the address shall be retained only by the Clerk.   Address information shall not be maintained in the court file or disclosed by the Clerk.

   **IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or  counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

   Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Frazier for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Frazier for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 5, 2016**

<u>**s/ STACI M. YANDLE**</u>
**U.S. District Judge**