IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LARRY BASEMORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:16-cv-562-SMY-RJD |
| | ) | |
| KENT E. BROOKMAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff Larry Basemore brought this action pursuant to 42 U.S.C. § 1983 alleging his

constitutional rights were violated while he was incarcerated at Menard Correctional Center

("Menard"). Following the Court's threshold review of Plaintiff's complaint, he was allowed to

proceed against Defendants Brookman, Keys, and Butler for allegedly violating Plaintiff's due

process rights when they found him guilty of a disciplinary infraction on March 25, 2018 (*see* Doc.

9). Defendants sought summary judgment, which was denied (*see* Doc. 40). Plaintiff was

assigned counsel on June 25, 2018 in preparation for trial (*see* Doc. 44). On counsel for

Plaintiff's motion, discovery was reopened. In the most recent order regarding discovery

deadlines, District Judge Yandle ordered all outstanding discovery responses and certifications be

served on or before January 16, 2019 (*see* Doc. 73). All noticed depositions were to take place

on or before February 1, 2019, and Plaintiff's expert witnesses were to be disclosed by March 1,

2019 and produced for deposition by April 1, 2019. Jury trial is set for July 29, 2019.

This matter is now before the Court to address a discovery dispute concerning recently

served subpoenas, as well as the following motions: Plaintiff's Motion to Amend the Complaint

and Add Jacqueline Lashbrook as a Defendant (Doc. 82), Plaintiff's Motion to Compel Unredacted

Documents (Doc. 83), and the parties' Joint Motion to Extend Expert Disclosure Deadline and

Time for Expert Deposition (Doc. 87).

1. **Subpoenas**

Defendants object to Plaintiff's service of subpoenas directed at Michael P. Hof and

Andrew W. Spiller served on March 14, 2019, seeking depositions on April 1, 2019.   Defendants

argue that discovery in this matter is closed and, as such, service of the subpoenas is out of time.

Defendants also complain that Plaintiff's counsel failed to coordinate dates for the depositions.

The Court heard argument concerning this issue during the March 19, 2019 discovery dispute

conference.   Although discovery in this matter is closed, the Court finds good cause to allow the

depositions of Hof and Spiller.   Notably, Defendants only recently produced documents in this

matter evidencing the involvement of Hof and Spiller in an internal affairs investigation

concerning the March 2, 2015 fight central to this lawsuit (it is not apparent to the Court why this

information was only recently produced).   Spiller was not included in Defendants' initial

disclosures and, while Hof was disclosed, his importance to this case was not made apparent to

counsel until recently.   Because of the late production of relevant documents evidencing Hof and

Spiller's role in a potentially integral investigation, the Court declines to quash the subpoenas for

Hof and Spiller.   These depositions shall be completed by **May 31, 2019**.

2. **Motion to Amend the Complaint and Add Jacqueline Lashbrook as a Defendant (Doc. 82)**

Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading and that

leave to amend should be freely given "when justice so requires."   The Seventh Circuit maintains

a liberal attitude toward the amendment of pleadings "so that cases may be decided on the merits

and not on the basis of technicalities." *Stern v. U.S. Gypsum, Inc.*, 547 F.2d 1329, 1334 (7th Cir. 1977). The Circuit recognizes that "the complaint merely serves to put the defendant on notice and is to be freely amended or constructively amended as the case develops, as long as amendments do not unfairly surprise or prejudice the defendant." *Toth v. USX Corp.*, 883 F.2d 1297, 1298 (7th Cir. 1989); *see also Winger v. Winger*, 82 F.3d 140, 144 (7th Cir. 1996) ("The Federal Rules of Civil Procedure create [a system] in which the complaint does not fix the plaintiff's rights but may be amended at any time to conform to the evidence.") (quotation omitted). A court may also deny a party leave to amend if there is undue delay, dilatory motive or futility. *Guise v. BMW Mortgage, LLC*, 377 F.3d 795, 801 (7th Cir. 2004).

Plaintiff seeks leave to amend his complaint to add Jacqueline Lashbrook as a defendant. Plaintiff explains that during his January 14, 2019 deposition of Defendant Kimberly Butler, he first learned that Lashbrook approved the disciplinary measures against Plaintiff at issue in this case, as the designee of Butler. Plaintiff points out that Lashbrook was not identified in Defendants' initial disclosures and no mention was made of Lashbrook in Defendants' answers to Plaintiff's complaint or summary judgment motion. Plaintiff argues that due to Defendants' failure to previously identify Lashbrook as having knowledge of his claim and approving the disciplinary actions as the designee of Butler, he should be allowed to add her as a defendant.

Defendants object to Plaintiff's motion arguing Plaintiff's request is unduly delayed and beyond the applicable statute of limitations period. Defendants also complain that Plaintiff's proposed amended complaint fails to comply with the dictates of Local Rule 15.1 insofar as the amendments to the complaint are not underlined.

First, the Court finds Defendants' timeliness argument unavailing. The Court finds the doctrine of equitable tolling applicable in this instance. Equitable tolling "permits a plaintiff to

avoid the bar of the statute of limitations if despite all due diligence he is unable to obtain vital information bearing on the existence of his claim." *Cada v. Baxter Healthcare Corp.*, 920 F2d 446, 451 (7th Cir. 1990). In this instance, Defendants failed to identify Lashbrook during the pendency of this case despite having documents evidencing her involvement. Defendants' failure to identify Lashbrook at the outset of this case is not only surprising, but disconcerting to the Court. Indeed, the Court notes that in support of their motion for summary judgment, Defendants attached an Adjustment Committee Final Summary Report (Doc. 34-3) that is apparently not the operative or "final" Adjustment Committee Final Summary Report (Doc. 1 at 7-8). These Reports contained different signatures and Plaintiff could not have known based on a review of the same that Lashbrook was involved in the disciplinary decision at issue in this lawsuit (but Defendants knew or should have known about Lashbrook's involvement). For these reasons, the Court finds Plaintiff's motion to amend to be timely and **GRANTS** the same. Further, while the Court acknowledges that Plaintiff's proposed amendment does not underline all the new material as required by Local Rule 15.1, the Court will waive this requirement in this instance. Finally, the Court will not require Plaintiff to dismiss Butler in order to include Lashbrook. As Plaintiff posits in his reply, he has still alleged a basis on which to hold Butler liable for his alleged constitutional violation. Plaintiff is **DIRECTED** to file his First Amended Complaint in a separate docket entry by **March 22, 2019**. Due to the impending trial date, once the Amended Complaint is filed, the Court shall assist in expediting service on Defendant Lashbrook. Plaintiff shall also be allowed to depose Lashbrook. Said deposition must be completed by **May 31, 2019**.

3. **Plaintiff's Motion to Compel Production of Unredacted Documents (Doc. 83)**

Plaintiff asks that the Court order Defendants to provide unredacted copies of documents Bates stamped IDOC # 000494-515 (the parties represented at the hearing that unredacted copies

of Bates stamped IDOC 000490-493 have already been produced). This motion is **TAKEN UNDER ADVISEMENT**. Counsel for Defendants shall provide the Court with a copy of the documents submitted to Plaintiff (the redacted version), as well as a copy of the unredacted version for an in camera review. Counsel for Defendants shall provide the documents to the Court by **March 22, 2019** by sending them to RJDpd@ilsd.uscourts.gov.

4. **Joint Motion to Extent Expert Disclosure Deadline and Time for Expert Deposition (Doc. 87)**

The Court finds good cause to extend Plaintiff's expert disclosure and deposition deadlines. Accordingly, Plaintiff's expert(s) shall produce their written reports by March 22, 2019. Plaintiff's expert(s) shall be produced for deposition by April 22, 2019.

**IT IS SO ORDERED.**

**DATED: March 20, 2019**

s/ *Reona J. Daly*

**Hon. Reona J. Daly**
**United States Magistrate Judge**